Qin Li (SBN 349218)
liqin@concordsage.com
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
Facsimile: (858) 437-9891

Attorneys for Plaintiff
Tikbooks Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIKBOOKS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SCIOTO MARASH LLC<br>d/b/a SCIOTO,<br><br>Defendant. | Case No.2:26-cv-10210<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**17 U.S.C. §§ 106 AND 501**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TIKBOOKS INC. (“Tikbooks” or “Plaintiff”), by and through its undersigned counsel, brings this Complaint against Defendant SCIOTO MARASH LLC d/b/a SCIOTO (“Defendant” or “SCIOTO”), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising from Defendant’s unauthorized reproduction, public display, distribution, advertising, offer for sale, and sale of a book bearing cover artwork that copies Plaintiff’s copyrighted visual artwork.

2. Plaintiff owns the copyright in the original two-dimensional artwork entitled The Wolf Code (the "Copyrighted Artwork"), registered with the United States Copyright Office under Registration No. VA0002490625.

3. The Copyrighted Artwork was created for and is owned by Plaintiff and is used as the cover artwork for Plaintiff's book The Wolf Code.

4. Defendant operates and controls an Amazon storefront known as "SCIOTO," through which Defendant markets and sells books to consumers in the United States, including consumers in California.

5. Through the SCIOTO storefront, Defendant has advertised, offered for sale, sold, and distributed an unauthorized copy of The Wolf Code (the "Accused Product") under Amazon ASIN B0GJS4L3DN.

6. The Accused Product reproduces Plaintiff's Copyrighted Artwork on its cover in a manner that is virtually identical to Plaintiff's original cover artwork, including the selection, coordination, arrangement, color scheme, typography, character illustrations, and overall layout of the protected visual expression.

7. Plaintiff's evidence reflects that the Accused Product is not merely a competing book using a similar theme, but an unauthorized reproduction incorporating Plaintiff's protected Copyrighted Artwork.

8. Defendant has commercially exploited the Accused Product through Amazon and has caused copies of the Accused Product to be sold and shipped to

consumers in the United States, including a copy shipped to Ontario, California, within this District.

9. Plaintiff therefore brings this action to stop Defendant's continuing infringement of the Copyrighted Artwork and to recover relief available under the Copyright Act.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed commercial activities toward California, including by operating an interactive Amazon storefront through which California consumers can purchase the Accused Product.

12. Defendant has purposefully availed itself of the privilege of conducting commercial transactions in California by advertising and offering the Accused Product for sale to California consumers, accepting an order for the Accused Product destined for California, receiving payment for that order, and causing the Accused Product to be shipped into California.

13. Plaintiff documented Defendant's sale of the Accused Product to California through a test purchase from the SCIOTO Store. On August 29, 2026,

Defendant accepted Plaintiff's order for delivery to 5556 Ontario Mills Pkwy, Ontario, California 91764, within this District.

14. Defendant thereafter caused the Accused Product to be shipped through USPS to the California address. Plaintiff's claims therefore arise directly out of Defendant's California-directed sale and shipment of the Accused Product.

15. Defendant thereafter caused the Accused Product to be shipped through USPS to the California delivery address under Tracking No. 9341920111411260248034. Amazon's tracking page identifies the tracking information as having been provided by SCIOTO.

16. As of the date Plaintiff preserved the tracking evidence, the shipment had left the carrier facility and was in transit to the Ontario, California delivery address.

17. Plaintiff's claims arise out of and relate directly to Defendant's commercialization and distribution of the Accused Product, including Defendant's sale and shipment of the Accused Product into this District.

18. The exercise of personal jurisdiction over Defendant therefore comports with due process.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant may be found in this District for purposes of Plaintiff's copyright claim based on its California-directed commercial conduct giving rise to this action, including its sale and shipment of the Accused Product into this District.

## III. THE PARTIES

20. Plaintiff Tikbooks Inc. is a corporation organized and existing under the laws of the State of Georgia, with an address at 565 Washington Way, Cumming, Georgia 30040.

21. Tikbooks creates, publishes, markets, and sells educational and self-development books and related content.

22. Defendant SCIOTO MARASH LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Ohio, with a business address identified on Amazon as 8648 Scarsdale Blvd, Powell, Ohio 43065.

23. Upon information and belief, Defendant owns, operates, controls, and conducts business through the Amazon storefront known as "SCIOTO," Amazon Seller ID A3MHGUTZVEAZJ6 (the "SCIOTO Store").

24. The SCIOTO Store is used to advertise, offer for sale, sell, and distribute books, including the Accused Product, to consumers throughout the United States.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the Copyrighted Artwork

25. Tikbooks develops and publishes books incorporating original literary and visual content.

26. Among Plaintiff's original works is The Wolf Code.

27. The Copyrighted Artwork used for The Wolf Code was created in 2025 and was first published in the United States on April 1, 2025.

28. On December 26, 2025, the United States Copyright Office registered the Copyrighted Artwork under Registration No. VA0002490625.

29. The registration identifies the type of work as “Visual Material” and the authorship as “2-D artwork.”

30. The copyright claimant identified in the registration is Tikbooks Inc.

31. A true and correct copy of the Copyright Office registration record for the Copyrighted Artwork is attached hereto as Exhibit A.

32. Plaintiff’s copyright claim in this action is directed to the protected visual expression embodied in the Copyrighted Artwork, including its original selection, coordination, and arrangement of artistic elements.

33. Plaintiff does not claim copyright protection over general ideas, themes, or commonplace concepts standing alone, but rather the particular visual expression embodied in the registered two-dimensional artwork.

**B. Defendant’s Accused Product**

34. Defendant advertises, offers for sale, and sells the Accused Product through the SCIOTO Store on Amazon.

35. Defendant’s Amazon listing identifies the Accused Product as “[TIKBOOKS] The Way of the Wolf: Cultivate a Winner’s Mindset and Build Unshakable Inner Strength (Caricature: The Wolf Code)” and uses Plaintiff’s

copyrighted The Wolf Code cover artwork to advertise and offer the Accused Product for sale.

36. The Accused Product is offered through Amazon under ASIN B0GJS4L3DN.

37. At the time Plaintiff documented Defendant's Amazon listing and placed the test order, Defendant offered the Accused Product for $30.80 per copy.

38. Plaintiff has preserved evidence of Defendant's Amazon product listing, the SCIOTO seller storefront, the test purchase, shipment information, and the physical Accused Product.

**C. Defendant's Copying of Plaintiff's Copyrighted Artwork**

39. The cover artwork reproduced on the Accused Product is virtually identical to Plaintiff's Copyrighted Artwork in protectable expression.

40. The Accused Product reproduces the original selection, coordination, and arrangement of artistic elements appearing in Plaintiff's registered cover artwork, including the specific character illustrations, color scheme, typography, graphic elements, and overall layout.

41. The similarities are not confined to general concepts or stock elements. Rather, the Accused Product reproduces the particular visual expression through which Plaintiff combined and arranged those elements into the Copyrighted Artwork.

42. A representative comparison of Plaintiff's Copyrighted Artwork and the cover reproduced on the Accused Product is attached hereto as Exhibit B and incorporated herein by reference.

43. The degree and character of the similarity between the two covers are consistent with direct copying rather than independent creation.

44. Plaintiff's examination of the Accused Product further reflects that the physical product reproduces substantial portions of Plaintiff's publication while omitting identifying copyright and publisher information appearing in Plaintiff's authorized publication. The omission of such information, together with the extensive copying reflected in the Accused Product, provides additional circumstantial evidence that the Accused Product was derived from Plaintiff's publication rather than independently created. Plaintiff's copyright claim in this action, however, is based on the registered Copyrighted Artwork identified above.

45. Defendant has never received authorization, permission, or a license from Plaintiff to reproduce, display, distribute, advertise, sell, or otherwise exploit the Copyrighted Artwork.

**D. Defendant's Commercial Exploitation and California Shipment**

46. Defendant has used Plaintiff's Copyrighted Artwork to advertise and sell the Accused Product commercially through the SCIOTO Store.

47. Defendant's Amazon listing makes the Accused Product available for purchase by consumers in the United States, including consumers located in California.

48. On August 29, 2026, Plaintiff purchased one copy of the Accused Product through the SCIOTO Store for purposes of documenting Defendant's infringement.

49. Amazon assigned the transaction Order No. 111-0993889-2808263. The order identifies SCIOTO as the seller, reflects a purchase price of $30.80, and identifies 5556 Ontario Mills Pkwy, Ontario, California 91764 as the shipping destination.

50. Defendant accepted the order and caused the Accused Product to be shipped through USPS to Ontario, California under Tracking No. 9341920111411260248034.

51. Amazon's tracking page states that the tracking information was provided by SCIOTO.

52. As of the date Plaintiff preserved the tracking evidence, the shipment status reflected that the package had been shipped and had left the carrier facility for delivery to the California address.

53. Plaintiff has preserved evidence concerning Defendant's listing, the purchase transaction, shipment, and the Accused Product.

### E. Unauthorized Copying and Resulting Harm

54. Defendant's reproduction and commercial use of the Copyrighted Artwork were undertaken without Plaintiff's consent or authorization.

55. By reproducing Plaintiff's Copyrighted Artwork on an unauthorized copy of Plaintiff's book, Defendant has appropriated Plaintiff's original visual expression for commercial gain.

56. Defendant's unauthorized use competes with Plaintiff's authorized publication and deprives Plaintiff of control over the reproduction, distribution, and commercial exploitation of its Copyrighted Artwork.

57. Defendant has received revenues, profits, and other commercial benefits attributable to its exploitation of the Accused Product.

58. Plaintiff has suffered and continues to suffer injury as a result of Defendant's unauthorized conduct.

59. Unless restrained, Defendant's infringement is likely to continue, causing further injury to Plaintiff.

## V. FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

60. Plaintiff repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff owns a valid copyright in the Copyrighted Artwork, including United States Copyright Registration No. VA0002490625.

62. Under 17 U.S.C. § 106, Plaintiff possesses the exclusive rights, among others, to reproduce the Copyrighted Artwork, prepare derivative works based upon it, distribute copies to the public, and publicly display the Copyrighted Artwork.

63. Defendant, without Plaintiff's authorization, has reproduced and commercially exploited protected expression from the Copyrighted Artwork on the Accused Product.

64. Defendant has further advertised, publicly displayed, offered for sale, sold, and distributed copies of the Accused Product incorporating the infringing artwork.

65. Defendant's conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501.

66. Defendant's acts of infringement have caused and continue to cause injury to Plaintiff.

67. Defendant has received revenues, profits, and other commercial benefits attributable to its unauthorized exploitation of Plaintiff's copyrighted expression.

68. Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial.

69. Defendant's infringement is ongoing or threatens to continue unless restrained by this Court.

70. Plaintiff is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIKBOOKS INC. respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyright in the Copyrighted Artwork;

B. Preliminarily and permanently enjoining Defendant, and all persons acting in concert or participation with Defendant who receive actual notice of the injunction, from reproducing, copying, adapting, displaying, distributing, advertising, marketing, offering for sale, selling, or otherwise exploiting the Copyrighted Artwork or any work substantially similar thereto in protected expression;

C. Ordering Defendant to cease the manufacture, reproduction, distribution, advertising, offering for sale, and sale of the Accused Product bearing the infringing artwork;

D. Awarding Plaintiff its actual damages and Defendant's profits attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b);

E. Awarding Plaintiff prejudgment and post-judgment interest to the extent permitted by law;

F. Awarding Plaintiff its costs and such attorneys' fees as may be available under applicable law; and

G. Granting such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 10, 2026

Respectfully submitted,

/s/ Qin Li
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
liqin@concordsage.com
*Attorney for Plaintiff*